372 So.2d 1132 (1979)
Sam KUGEARES, Petitioner,
v.
CASINO, INC., Respondent.
No. 78-2037.
District Court of Appeal of Florida, Second District.
June 8, 1979.
Rehearing Denied July 18, 1979.
Gary P. Gormin, of Gormin, Geoghegan, Easley & Granese, P.A., Clearwater, for petitioner.
John L. Riley, St. Petersburg, for respondent.
*1133 GRIMES, Chief Judge.
This case presents the question of whether the county court has jurisdiction in a proceeding by a landlord to regain possession of leased real property for violation of the lease when the tenant's violation does not involve a default in rent or a holdover after the expiration of the term of the lease.
The petitioner (landlord) rented certain business property to respondent (tenant) pursuant to a written lease. The landlord brought suit in county court to regain possession of the property, contending that the tenant had breached the lease in several particulars. The county court ruled that the landlord was entitled to regain possession because the tenant had erected two structures in violation of the provisions of the lease, and it entered a judgment of eviction. On appeal by the tenant, the circuit court held that the county court had no jurisdiction over the subject matter and vacated the judgment of eviction. The landlord filed a petition for certiorari seeking review of the order of the circuit court.
In order to determine the appropriate jurisdiction of this proceeding, we look first to our state constitution. In holding that the county court had no jurisdiction, the circuit court reasoned that Article V, Section 20(c)(3) conferred upon the circuit court "exclusive original jurisdiction, inter alia, in `all cases in equity' and `in all actions involving the titles or boundaries, or right of possession of real property.'" However, the schedule to Article V in Section 20 does not control our decision because the enumeration of jurisdiction contained in that section is conditioned on subsection (c) thereof which provides:
After this article becomes effective, and until changed by general law consistent with Sections 1 through 19 of this article... .
Art. V, § 20(c), Fla. Const. Because there is general law consistent with Sections 1 through 19, the provisions of Section 20 no longer control.
Section 6(b) of Article V provides that county courts shall exercise the jurisdiction prescribed by general law. Section 5(b) of Article V specifies that circuit courts shall have original jurisdiction not vested in the county courts. Thus, we examine the general law.
Section 34.011, Florida Statutes (1977), provides in pertinent part:
(1) The county court shall have jurisdiction concurrent with the circuit court to consider landlord and tenant cases involving claims in amounts which are within its jurisdictional limitations.
(2) The county court shall have exclusive jurisdiction of proceedings relating to the right of possession of real property and to the forcible or unlawful detention of lands and tenements, except as provided in s. 26.012. (Emphasis supplied.)
Section 26.012, Florida Statutes (1977), outlines the jurisdiction of the circuit court. The types of cases most nearly applicable to the instant suit are:
(2) They [circuit courts] shall have exclusive original jurisdiction
.....
(c) In all cases in equity ... except traffic offenses ...;
.....
(f) In the action of ejectment; and
(g) In all actions involving the title and boundaries of real property.
Significantly, Chapter 74-209, Laws of Florida, transferred jurisdiction over the "right of possession of real property" from the circuit court to the county court. The title of this bill indicated that its purpose was to remove jurisdiction in landlord and tenant possession cases from the circuit court and to vest jurisdiction of these cases exclusively in the county court.
The case at hand clearly involves the right of possession of real property. Therefore, the suit lies in the county court unless it falls within the jurisdiction specified in Section 26.012. Referring to Section 26.012, it is evident that the suit does not involve the title or boundaries of real property. While it could be argued that this suit is somewhat similar to an action for ejectment *1134 or that it has certain equitable characteristics, we believe that Chapter 74-209 represents a legislative determination to give the county courts jurisdiction of all suits in which the landlord seeks to regain possession of leased premises unless the suit clearly falls within the enumerated jurisdiction of the circuit court. Therefore, we hold that this suit was properly filed in county court.
It does not matter that the suit was not based upon a default in rent or upon the tenant's holdover, the two grounds for regaining leased property over which the county court is given jurisdiction under Sections 83.20-83.251, Florida Statutes (1977). The county court has additional jurisdiction over landlord-tenant matters by virtue of Section 34.011(2).
The petition for certiorari is granted, and the order of the circuit court is quashed. The case is remanded to the circuit court to consider the tenant's appeal on the merits.
HOBSON and DANAHY, JJ., concur.