**In re BRICKYARD, INC., Debtor.**

**Robert R. REILLY, Plaintiff,**

v.

**James B. McCRACKEN, Trustee in Bankruptcy for Brickyard, Inc., Defendant.**

**Bankruptcy No. 83–01218–BKC–JAG. Adv. No. 83–0793–BKC–JAG–A.**

United States Bankruptcy Court, S.D. Florida.

Nov. 25, 1983.

Samuel L. Heller, Fort Lauderdale, Fla., for Reilly, the landlord.

Gary M. Farmer, Fort Lauderdale, Fla., for trustee.

## FINAL JUDGMENT

JOSEPH A. GASSEN, Bankruptcy Judge.

Upon the Findings of Fact and Conclusions of Law entered contemporaneously herewith, it is therefore

ADJUDGED as follows:

1. The Florida Circuit Court for the Seventeenth Judicial Circuit lacked subject matter jurisdiction to enter the Order of possession of the demised premises on June 15, 1983, and therefore there was no valid termination of the sublease agreement between the Plaintiff REILLY and the Debtor before the filing of the Voluntary Petition in Bankruptcy, initiating this case. Plaintiff's claim for possession under Count I is therefore denied. Pursuant to the Stipulation between the parties, Plaintiff's claim for damages under Count II is similarly denied.

2. Plaintiff's claim under Count IV for the determination as to the classification of fixtures is premature in light of this Court's finding as to Count I of the Complaint. Therefore Plaintiff's claim under Count IV is hereby denied without prejudice. The Plaintiff may later renew his claim at such time if or when this matter concerning the determination of fixtures should become at issue.

3. Plaintiff's claimed security interest in property of the Estate became unperfected when Plaintiff failed to file a continuation statement in the office of the Florida Secretary of State before August 9, 1981, and his claimed security interest is therefore unperfected and unenforceable as against the Trustee in Bankruptcy herein. The Court therefore finds in favor of the Defendant Trustee and against the Plaintiff under Count III of the Complaint herein.

4. Judgment is therefore entered in favor of the Trustee JAMES B. McCRACKEN, and against the Plaintiff ROBERT R. REILLY, for the relief sought in the Complaint in this Adversary Proceeding.

5. The Court hereby retains jurisdiction of this Adversary Proceeding for the purpose of taxing costs.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS CAUSE was tried to the Court on October 17, 1983 at 1:30 p.m. At the beginning of the trial, counsel for both parties announced that they had entered into a Pre-Trial Stipulation, in which they had stipulated as to the governing facts, the legal issues to be decided, the claims for relief to be actually tendered to the Court for a decision, and the effect of a resolution of those claims on other claims. The Complaint initiating this Adversary Proceeding has four counts: Count I is a claim for possession of real property based upon a contention that a lease between the Plaintiff and the Debtor was validly terminated pre-bankruptcy by an Order of the Circuit Court in Broward County, Florida; Count II is a claim for damages under a sublease agreement between the Plaintiff and the Debtor; Count III is a claim for determination of validity, priority, and amount of a claimed security interest in personal property of the Estate; and Count IV is a claim for a declaratory judgment that certain items or goods have become so annexed to the demised property as to become "fixtures", thereby passing to the Plaintiff under the terms of the lease agreement, upon termination. Under the Stipulation between the parties, all of the evidence is contained in the Pre-Trial Stipulation and

the exhibits discussed therein which were admitted into evidence at the trial under the agreement. The Stipulation further provided that if the possessory claim under Count I is denied, then the Court shall similarly deny the claim for damages under Count II. The claim for a determination of validity, priority, and amount of Plaintiff's alleged security interest was also tendered to the Court for a decision, but the determination of the claim under Count III is not dependent or related to a decision under Counts I, II and IV. Thus, the principal legal issues tendered to the Court for a determination are:

A. Whether the sublease between the Plaintiff and the Debtor was validly terminated, before bankruptcy, by the decision of the Circuit Court in Broward County; and

B. Whether Plaintiff's claimed security interest in personal property of the Debtor was perfected as against the Trustee.

Accordingly, upon consideration of the facts adduced by the Stipulation and the argument of counsel, the Court makes the following findings of fact and conclusions of law:

## I. FINDINGS OF FACT

1. Plaintiff ROBERT R. REILLY has possession, under a 99 year lease dated May 25, 1972 of the following described property in Broward County, Florida:

"Lots 1, 2 and 3 of Block 12, CORAL HEIGHTS SECTION 3, according to the Plat thereof as recorded in Plat Book 47, Page 19 of the Public Records of Broward County, Florida." [Hereafter the demised property]

The demised property consists of a masonry building, located at 1608 East Commercial Boulevard, in Fort Lauderdale, Broward County, Florida, which has been designed for the operation of a restaurant and lounge.

2. On August 5, 1976 the Plaintiff, as landlord, entered into a sublease agreement with the Debtor, as the tenant, for the demised property. The sublease was per-

sonally guaranteed by the President of the Debtor corporation. Contemporaneously therewith, Plaintiff entered into a security agreement with the Debtor covering certain inventory, the leasehold estate, certain improvements, furniture, furnishings, fixtures, equipment, personal property and merchandise, licenses, and trade names and assets located on the premises, as well as a Florida alcoholic beverage license, bearing number 16–2291–4 COP SRX. The security agreement was given to secure payment of a Promissory Note of the same date in the amount of $108,500. The sublease was recorded in the Official Records of Broward County at O.R. Book 6676, beginning at Page 797. The security agreement was perfected as against the Debtor by the filing of the appropriate U.C.C. financing statement with the Florida Secretary of State on August 9, 1976.

3. The Debtor apparently took possession of the demised premises and operated a restaurant and lounge on it until approximately October 30, 1982.

4. On January 19, 1981 Plaintiff commenced an action in the Florida Circuit Court for the Seventeenth Judicial Circuit in Broward County, Florida against the Debtor corporation and its President. The Complaint was in three counts. Count I sought damages for a default in payment of the Promissory Note and for breach of the security agreement, equal to the amount due and owing under the Promissory Note. Count II sought a money judgment for damages for breach of the sublease agreement, including whatever sum was due under the Promissory Note and security agreement, as well as an Order placing Plaintiff in possession of the premises. Count III sought eviction, or possession of the demised premises, claiming that the Debtor had breached various provisions of the sublease agreement. The case was assigned case number 81–1056.

5. The Debtor appeared in the Circuit Court action, served an Answer and Affirmative Defenses, and otherwise defended the action. However, none of the parties, including the Debtor, to the Circuit Court

action ever raised any issue or question as to the subject matter jurisdiction of the Circuit Court to award possession of the demised premises, and that issue was never litigated in the Circuit Court action and the Circuit Court never rendered any decision on whether it had such subject matter jurisdiction.

6. After the Circuit Court action was at issue and set for trial, the parties entered into a Stipulation of settlement, and amended the sublease agreement by an addendum thereto. On March 30, 1983 the Circuit Court entered an Order confirming the settlement and directing the parties to comply with the provisions of the addendum to the sublease.

7. Sometime in March, 1983 the Debtor entered into an agreement with a group of individuals known as the "Irish Group" who would operate the restaurant and lounge, and take possession of the demised premises, and thereafter pay certain sums of money to the Debtor. The Irish Group appears to have operated the restaurant and lounge until sometime in June, 1983.

8. On May 29, 1983 the Plaintiff filed a motion to enforce the settlement agreement between the parties, and on June 7, 1983 the Circuit Court entered an Order continuing a hearing on the motion to enforce the settlement so as to give the Debtor time to make certain payments due under the sublease and the addendum.

9. On June 8, 1983 Plaintiff moved the Circuit Court for an Order awarding it possession of the premises, on account of the Debtor's alleged failure to make the payments described in the June 7, 1983 Circuit Court Order.

10. On June 15, 1983 the Circuit Court entered an Order finding that the Debtor had not made the payments required by the June 7th Order, and thereupon ordered that the Plaintiff be given possession of the demised premises.

11. On July 1, 1983 the Debtor filed a voluntary petition for relief under the Bankruptcy Code.

12. On July 5, 1983 the Circuit Court entered an Order transferring the liquor license to the Plaintiff, along with a municipal occupational license.

13. Although the Plaintiff originally perfected its security agreement with the Debtor by the filing of a U.C.C. financing statement with the Florida Secretary of State on August 9, 1976, no continuation, renewal, or new filing of a financing statement with the Florida Secretary of State was ever done by the Plaintiff before August 9, 1981.

## II. CONCLUSIONS OF LAW

As discussed above, Plaintiff's Complaint in this Adversary Proceeding consists of four counts. Count I seeks possession of the demised premises, upon a claim that the sublease agreement between the Plaintiff and the Debtor was validly terminated by the Order of the Circuit Court on June 15, 1983. Count II seeks damages under the same sublease agreement. Count III seeks a determination of the validity, priority, and amount of Plaintiff's claimed security interest in property of the Estate. Count IV seeks a declaration that certain items of personalty have become affixed to the realty, so as to become fixtures, and thereby passed to the Plaintiff upon a termination of the lease. In response to this Complaint, the Trustee has filed an Answer, Affirmative Defenses, and Counterclaim. In his Affirmative Defenses, he alleges that the Circuit Court Order of possession of the demised premises of June 15, 1983 is void, because the Circuit Court lacked subject matter jurisdiction, under § 34.011(2), Fla. Stat. (1981) which confers exclusive subject matter jurisdiction on the county courts of the state of Florida to award possession of real property. He further alleges that, even if the Order of possession is not void, it is not final and binding against him under § 108 of the Bankruptcy Code, which stayed or suspended the period for him to seek appellate review of the Order. He also says that the Order of July 5, 1983 transferring the liquor and occupational licenses to the Plaintiff is voidable because it is in

violation of the automatic stay of § 362 of the Bankruptcy Code. In his Answer, he denied that the Plaintiff has a perfected security interest, valid as against the Trustee. In his Counterclaim, he demands judgment that the Order of July 5, 1983 transferring the liquor and occupational licenses to the Plaintiff be set aside and deemed to have no effect, on account of the violation of the automatic stay. As described above, the Stipulation between the parties governing a resolution of these issues, which the Court accepts provides that, in the event of an adverse determination to the Plaintiff for possession under Count I, the Court should similarly deny Plaintiff's claims under Counts II and IV, because of their inter-relationship to the issue of termination of the sublease agreement. If the Court finds in favor of the Plaintiff under Count I, then the parties have agreed that the Court should conduct a separate trial on the damages' claim under Count II and the declaratory relief claim under Count IV. The stipulation further provides that the claim of Count III for a determination of validity, priority, and amount of the security interest is separate from the sublease claims, and it is also submitted to the Court for a final determination at this time upon the factual stipulation of the parties. The Court will now proceed to make these determinations.

The central issue underlying the claim for possession of Count I, the damages' claim of Count II, and the fixtures' claim of Count IV is whether the Circuit Court Order of June 15, 1983 validly terminated the sublease and awarded possession of the demised premises to the Plaintiff, as against the Trustee's defense that the Circuit Court lacked subject matter jurisdiction to enter such an Order. A state court judgment may be collaterally attacked and annulled by this Court if the first court lacked jurisdiction to render such a judgment. *See Cooper v. Newell,* 173 U.S. 555, 19 S.Ct. 506 and 43 L.Ed. 808. If the issue of subject matter jurisdiction had been raised and litigated in the original court the doctrines of res judicata or collateral estoppel might prevent the making of a contrary

determination by this Court. However, in the present case the issue of subject matter jurisdiction was not raised or litigated in the Circuit Court, and therefore this Court is not precluded from making a determination of that issue. This Court finds that the Circuit Court Order of June 15, 1983 is void on its face, because that Court lacked subject matter jurisdiction to rule on the claim for possession of the demised premises.

Section 26.012(2)(f), Fla.Stat. (1979) gives the circuit courts of the state of Florida exclusive original jurisdiction "in actions of ejectment." Section 34.011(2), Fla.Stat. (1979), however, confers exclusive jurisdiction on the county courts of the state of Florida "of proceedings relating to the right of possession of real property." Chapter 74–209, Laws of Florida, transferred exclusive jurisdiction over claims for the "right of possession of real property" from the Circuit Court to the County Court. It seems evident, therefore, that while actions of possession of real property and actions of ejectment are generally similar in nature, the Legislature intended for the County Court to have exclusive jurisdiction over landlord and tenant cases, where a sublessor seeks to regain possession of real property from a sublessee.

In addition, a number of Florida appellate decisions hold that the County Court has jurisdiction to enter a judgment concerning the right of a landlord to regain possession of leased premises. *Kugeares v. Casino, Inc.,* 372 So.2d 1132 (Fla. 2nd DCA 1979) and *Palm Corporation v. 183rd Street Theater Corp.,* 344 So.2d 252 (Fla. 3rd DCA 1977). While these cases are, on their face, distinguishable from the instant case insofar as they pertain to the jurisdiction of the County Court and the issue in the instant case pertains to the lack of jurisdiction of the Circuit Court, these cases are implicit authority for a determination on the subject matter jurisdiction of the Circuit Court as to the claim of the sublessor REILLY for possession of the demised property. Because both §§ 26.012(2) and 34.011(2) use the words "exclusive jurisdiction," the find-

ing that the County Court has exclusive jurisdiction in landlord tenant possessory cases necessarily dictates, by definition, a finding that the Circuit Court lacks jurisdiction over the same subject matter.

REILLY also contends that even if this Court finds that the Circuit Court lacks subject matter jurisdiction to hear and try the possessory issue had it stood alone, the Circuit Court had ancillary jurisdiction to decide the claim because it was joined with other claims that properly fell within the jurisdiction of the Circuit Court, where all claims involved common factual questions. REILLY alleges that in his original Complaint in the Circuit Court in January, 1981 he brought three separate claims, including the claim for possession of the demised premises under Count III. Counts I and II of the Circuit Court Complaint sought judgments for $95,320.77 as damages under a Promissory Note and for breach of the sublease.

As to Counts I and II the Circuit Court clearly possessed jurisdiction to hear and try these issues. See §§ 26.012(2)(a), 34.-011(1), and 34.01(2), Fla.Stat. (1979). As to the possessory claim of Count III, however, this Court is unable to find any Florida law recognizing ancillary jurisdiction of the Circuit Court to hear this issue; and, as this Court has previously found, the applicable Statute in § 34.011(2) plainly gives the County Court exclusive subject matter jurisdiction of such possessory claims. Moreover, it is quite common that a landlord who brings an action at law against a tenant also usually seeks possession of the same premises, as an alternative remedy. The Legislature of the state of Florida undoubtedly was aware of the desire of landlords to join these alternative remedies; yet, it failed specifically to provide for ancillary jurisdiction in these situations. Keeping this in mind, the Court is of the opinion that Florida courts would refuse to recognize REILLY's suggested ancillary jurisdiction of the Circuit Court, because such a recognition would thwart the Legislature's clear attempt to confer exclusive jurisdiction on the County Court of landlord-tenant possessory claims.

Having decided that the Circuit Court lacked the subject matter jurisdiction to enter the June 15, 1983 Order of possession, it follows according to the Stipulation between the parties that the sublease between the Plaintiff REILLY and the Debtor was not terminated and REILLY is not entitled to relief under Count I of his Adversary Proceeding Complaint here. It also follows, according to the same stipulation, that the Court hereby denies relief under Count II of the same Complaint. Furthermore, it follows that it is no longer necessary to decide at this time Count IV of the Complaint regarding the claim for determination of certain items or goods as being classified as "fixtures" under Florida law. That leaves only the issue of whether REILLY's security interest has been perfected as against the Trustee.

As the Stipulation of Facts shows, the security agreement was made and executed on August 3, 1976 and thereafter perfected on August 9, 1976 with the filing of the appropriate financing statement in the office of the Florida Secretary of State. The parties have further stipulated that no continuation statement was filed by REILLY afterwards, and especially before the expiration of five years from the date of filing. Section 679.403, Fla.Stat. (1981) provides in subsection (2) in pertinent part that:

> " * * * a filed financing statement is effective for a period of 5 years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of the 5-year period, unless a continuation statement is filed prior to the lapse. * * * Upon lapse, the security interest becomes unperfected unless it is perfected without filing. If the security interest becomes unperfected upon lapse, it is deemed to have been unperfected as against a person who became a purchaser or lien creditor before lapse."

In this case, filing was required for perfection. Section 679.301(3) defines a "lien creditor" as including a Trustee in Bankruptcy from the date of filing of the Peti-

tion. Subsection (1) of the same Statute further provides that an unperfected security interest is subordinate to the rights of a person who becomes a "lien creditor" before the security interest is perfected. Therefore, although Plaintiff REILLY's security interest was originally perfected on August 9, 1976, his interest became unperfected when he failed to file a continuation statement before the expiration of the period of five years from the date of the original filing. Plaintiff REILLY was an unperfected creditor as of the date of the filing of the bankruptcy in this case, and his claimed security interest is thus equally ineffective against the Trustee.

The Court will therefore enter a Final Judgment in this Adversary Proceeding accordingly.