## JACOBY v FISHER

Case No. 86-4312-CA

Fifth Judicial Circuit, Marion County

May 11, 1987

**APPEARANCES OF COUNSEL**

**Johnson E. Davis** and **Daniel P. Tunick** for defendants/appellants.

**S. Sue Robbins** for plaintiff/appellee.

Before MCNEAL, LOCKETT, THURMAN, JJ.

**OPINION OF THE COURT**

MCNEAL, R., Circuit Judge.

Appellants, Ronald Jacoby and his wife, Roberta Jacoby, appeal from an order of the trial court denying their Motion to Transfer and striking their Counterclaim for Declaratory Judgment. The trial court ruled that appellants' defenses were properly before the county court in the eviction proceeding and the matters set forth by appellants in their counterclaim for declaratory judgment were redundant. Other issues raised in the appeal are not address in this opinion. We find the lower court was correct in its rulings and affirm.

Appellants' counterclaim asked for a declaration of their rights under the renewal option in a written lease. Appellee moved to strike the counterclaim because issues relating to the renewal option were before the county court as affirmative defenses. Challenging county court jurisdiction to interpret unclear lease agreements, appellants argued that such interpretations are more properly a subject for declaratory relief in circuit court, making transfer mandatory. Appellee suggests the county court has implied authority to decide all issues relating to eviction proceedings, making transfer unnecessary.

County courts have concurrent jurisdiction in all landlord and tenant cases and exclusive jurisdiction of proceedings relating to the right of possession of real property. *Fla. Stat.* § 34.011(1986). The legislature intended to give the county courts jurisdiction over all suits where a landlord seeks to regain possession of his property unless the suit clearly falls within the enumerated jurisdiction of circuit court. *Kugeares v. Casino, Inc.*, 372 So.2d 1132, 1134 (Fla. 2d D.C.A. 1979). Therefore, county courts have jurisdiction to consider all legal and equitable defenses. *Palm Corporation v. 183rd Street Theatre Corporation*, 344 So.2d 252 (Fla. 3d D.C.A. 1977), *cert. denied* 355 So.2d 516 (Fla. 1978). Requiring circuit courts to interpret lease agreements would make this jurisdiction meaningless. The facts alleged by appellants in support of their Counterclaim for Declaratory Relief were also alleged as defenses to the eviction action, making the counterclaim unnecessary. *Wisconsin Real Estate Investment Trust v. Rouse*, 466 So.2d 289 (Fla. 5th D.C.A. 1985). We hold that when a party seeks to remove a landlord and tenant action from county court to circuit court by filing a counterclaim based on allegations available as defenses in county court, the county court may properly strike the counterclaim as redundant.

The judgment is AFFIRMED and the case REMANDED to the trial court for a determination of attorneys fees and costs.

LOCKETT, J.T., and THURMAN, J., concur.