**In re Danny Lawrence DUPREE, Debtor.**

**Ashley Cooper McKenna and Edythe Dupree, Movants,**

v.

**Danny Lawrence Dupree, Respondent.**

**No. 02–41586.**

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

Nov. 7, 2002.

Danny Lawrence Dupree, Columbus, GA, pro se.

Kristin Smith, Columbus, GA, trustee.

### MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On October 24, 2002, during the continuation of a confirmation hearing, the court heard Ashley Cooper McKenna's and Edythe Dupree's objections to Danny Lawrence Dupree's proposed Chapter 13 Plan. At the conclusion of the hearing, the court took the matter under advisement and confirmation was continued to a future date and time. After considering the evidence presented at the confirmation hearing, the parties' oral arguments and stipulations, as well as applicable statutory and case law, the court makes the following findings of fact and conclusions of law.

### FACTS

On June 5, 2000, the Superior Court of Muscogee County ("Superior Court") entered a final judgement in Danny Lawrence Dupree ("Debtor") and Mrs. Dupree's divorce action. On June 26, 2000, Debtor filed a motion for a new trial with the Superior Court. On August 14, 2000, a contempt action was filed against Debtor by Mrs. Dupree. On September 22, 2000, the Superior Court denied Debtor's motion for a new trial. On October 19, 2000, Debtor was found in contempt of court in the Superior Court, ordered to pay a fine, and was incarcerated. Despite the contempt order, Debtor was released without paying the fine.

According to Debtor, also on October 19, 2000, his application for discretionary review of his denied motion for a new trial was filed with the Supreme Court of Georgia. However, at the October 24, 2002 confirmation hearing, Debtor offered into evidence only a faxed copy of a docket sheet for the discretionary application purportedly from the Supreme Court of Georgia. Opposing counsel objected to the exhibit and the objection was sustained. Debtor's request was granted to hold open the record until the Monday, October 28, 2002 to give him the opportunity to submit a certified copy of the docket sheet, as well as time to submit a letter brief on the issues before the court. Debtor asked for and received one additional day, extending the deadline to Tuesday, October 29, 2002. Debtor failed to submit either a certified copy of the docket sheet from the Supreme Court of Georgia or a letter brief.

In 2001, after falling behind in child support payments, Debtor moved back in with Mrs. Dupree at her residence sometime during late spring or early summer. Mrs. Dupree had inherited the residence from her mother. Debtor paid no rent to Mrs. Dupree but assisted with the upkeep on the house and the yard. While it is disputed as to the level of assistance Debtor provided to Mrs. Dupree, she did agree that Debtor did assist at times with the house and yard work. This arrangement went on for approximately seven months until December 2001.

Additionally, during this same time frame, Debtor began to care for the Debtor and Mrs. Dupree's minor child. Eventually, the child was removed from daycare and Debtor was the primary care giver for the child while Mrs. Dupree was at work. The reason why the child was removed from daycare is in dispute. However, both parties are in agreement that Mrs. Dupree did in fact take the child out of daycare which saved Mrs. Dupree $85 per week in child care costs.

Ms. McKenna objected to confirmation of Debtor's proposed Chapter 13 plan. Ms. McKenna contends that she has a $250 non-dischargeable priority claim for attorney's fees pursuant to the contempt order in Superior Court. Ms. McKenna objects to the proposed treatment of her claim in Debtor's Chapter 13 plan.

Mrs. Dupree also objected to confirmation of Debtor's proposed Chapter 13 plan. Mrs. Dupree contends she has a $2,900 non-dischargeable priority claim for back child support, not subject to the $1,500 offset as proposed in the plan. Mrs. Dupree objects to the proposed treatment of her claim in Debtor's Chapter 13 plan.

Regarding the attorney's fees awarded in the contempt order, Debtor asserts that pursuant to O.C.G.A. § 5-6-35(h) the Superior Court lacked jurisdiction to enter and enforce the contempt order because Debtor had filed his application for discretionary review with the Supreme Court of Georgia. O.C.G.A. § 5-6-35(h). Therefore, Debtor argues that Ms. McKenna's claim is invalid.

Regarding the child support arrearage, at the confirmation hearing, Debtor orally agreed that he owes Mrs. Dupree $2,900 in back child support. However, Debtor alleges that he is entitled to a set-off on the amount for child care services rendered to Mrs. Dupree in the year 2001. Debtor contends that new case law allows for equitable reduction of child support when both parents have come to an agreement as to the reduction. Debtor contends he and Mrs. Dupree came to an oral agreement that she would reduce the child support arrearage in exchange for his child care services. Additionally, he contends not only was the agreement reached, it was fully executed. Debtor provided the child care services which reduced Mrs. Dupree's monthly expenses. Debtor contends that Mrs. Dupree accepted and encouraged this arrangement. In addition to the child care for their son, Debtor also took care of the house, the yard, and helped with Mrs. Dupree's other two children. Debtor contends that both parties agreed to and benefitted from the arrangement.

Ms. McKenna contends that the Superior Court did not lose jurisdiction over Debtor and Mrs. Dupree's divorce action merely because Debtor filed an application for discretionary review with the Supreme Court of Georgia. The application was for a discretionary review, not an appeal as of right. Trial court jurisdiction is not lost until the Supreme Court of Georgia grants the discretionary appeal. Additionally, the record was never sent up to the Supreme Court of Georgia. Therefore, the Superior Court never lost jurisdiction over the Duprees' divorce case. Thus, the contempt

order and attorney's fees which were awarded in association with that order are valid. Ms. McKenna contends that she has an enforceable non-dischargeable priority claim which is not properly dealt with in Debtor's proposed Chapter 13 plan.

Mrs. Dupree contends that even if courts allow parents to come to an independent agreement regarding child support, there was no agreement in this case. There was no agreement, oral or written, that Mrs. Dupree would off-set what Debtor owed her in back child support for the child care services Debtor rendered while he was living at Mrs. Dupree's home in 2001. Mrs. Dupree did not want to take the child out of daycare but did so only after Debtor failed to take the child to the daycare facility for a month or so. Additionally, Mrs. Dupree disputes how much Debtor assisted with work around the house and the yard. Therefore, absent an agreement, Debtor would not be entitled to an off-set even if the law is as Debtor suggests. Mrs. Dupree contends that she has an enforceable non-dischargeable priority claim for $2,900 which is not properly dealt with in Debtor's proposed Chapter 13 plan.

### CONCLUSIONS OF LAW

■ Debtor bears the burden to prove that his Chapter 13 plan is in conformity with the statutory requirements for confirmation. *See generally In re Groves,* 39 F.3d 212, 214 (8th Cir.1994); *In re Hendricks,* 250 B.R. 415, 420 (Bankr. M.D.Fla.2000). Ms. McKenna and Mrs. Dupree made objections to the treatment of their claims under Debtor's proposed Chapter 13 plan. Debtor bears the burden to overcome the objections. If Debtors fails to do so, he must modify his Chapter 13 plan to provide for adequate treatment of Ms. McKenna's and Mrs. Dupree's claims.

According to O.C.G.A. § 5–6–35(h), the filing of an application for appeal acts "as a supersedas to the extent that a notice of appeal acts as supersedas." O.C.G.A. § 5–6–35(h). A supersedas writ suspends the trial court's power to execute a judgment that has been appealed. BLACK'S LAW DICTIONARY 1437 (6th ed.1990). Under Georgia law, the Superior Court had no power to execute or enforce the contempt order against Debtor.

■ Typically, res judicata would prevent Debtor from attacking a state court judgment in the bankruptcy court. However, under *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939), inherent in the bankruptcy court's equitable powers is the ability to look into the validity of any claim asserted against a debtor's bankruptcy estate. *Pepper,* 308 U.S. at 305, 60 S.Ct. 238. Further, if the bankruptcy court determines that another court's judgment is invalid, the judgment claim may be disallowed. *See id.* This concept has been followed in bankruptcy courts in other circuits, as well as in our own. *See In re Kovalchick,* 175 B.R. 863, 872 (Bankr.E.D.Pa.1994) (despite the doctrines of res judicata and collateral estoppel, a court may not be bound by another court's judgment if it was rendered without proper jurisdiction); *Reilly v. McCracken (In re Brickyard, Inc.),* 36 B.R. 569, 573 (Bankr.S.D.Fla.1983) (state court judgment could be collaterally attacked because the state court lacked jurisdiction to render the judgment).

■ Debtor did not submit to the court a certified copy of the docket sheet from the Supreme Court of Georgia. In failing to do so, Debtor cannot prove that the Superior Court lacked jurisdiction to render the contempt order. Therefore, Ms. McKenna's claim for $250 is valid and non-dischargeable. The claim must be treated as such in Debtor's Chapter 13 plan.

Regarding the child support arrearage off-set, Debtor failed to convince the court that he and Mrs. Dupree reached any agreement, oral or otherwise, that Debtor's child support arrearage would be reduced while he stayed with Mrs. Dupree and cared for their minor child. Further, even if Debtor had proved such an agreement, he failed to show that this court has the power to amend a child support arrearage claim. As stated above, this court may have the equitable power to disallow a judgment claim if lack of jurisdiction is shown. However, Debtor has failed to prove that this court can go behind a valid state court judgment regarding child support to modify a child support arrearage. Therefore, Mrs. Dupree's claim is valid and non-dischargeable for the full amount of $2,900. The claim must be treated as such in Debtor's Chapter 13 plan.

### Conclusion

The court finds that Debtor failed to prove that Ms. McKenna's claim for attorney's fees associated with the contempt order is invalid. Therefore, Ms. McKenna's objection to confirmation of Debtor's proposed Chapter 13 plan is sustained. Debtor is directed to modify his Chapter 13 plan to give proper treatment to Ms. McKenna's claim in accordance with this Memorandum Opinion within 20 days.

Further, the court finds there was no agreement reached between Debtor and Mrs. Dupree to reduce the child support arrearage. Even if such an agreement had been proved, the court finds that Debtor has failed to meet his burden to prove that this court has the power to modify a claim for child support arrearage. Therefore, Mrs. Dupree's objection to confirmation of Debtor's proposed Chapter 13 plan is sustained. Debtor is directed to modify his Chapter 13 plan to give proper treatment to Mrs. Dupree's claim in accor-

dance with this Memorandum Opinion within 20 days.

An order in accordance with this Memorandum Opinion will be entered.