PER CURIAM.
This appeal involves a summary proceeding for the removal of a tenant holding over after expiration of a lease. The appellant, Filaretou, was the defendant-tenant below.
The appellant contends that the lower court erred in not permitting him to prove the equitable defenses set up in his answer. An examination of the pleadings and the record shows that the matters sought to be shown as equitable defenses actually, in effect, ask for affirmative relief to show a new lease which is contrary to the provisions of Florida Statute § 52.20, F.S.A.
The lease in question provides:
“ * * * the option of another lease for an additional six (6) years at rental of $70.00 per month.”
Section 83.04, F.S.A., provides, in effect, that if the tenant holds over without renewing the said lease by further instrument of writing, then such holding over shall be construed to be a tenancy at sufferance and that the payment or acceptance of rent shall not be construed to be a renewal of the term.
 In addition to filing equitable defenses in this case, the appellant-tenant also filed an equitable suit in the Sixth Judicial Circuit, and in the event the final judgment is sustained in this case, it will not prevent further consideration in the equitable suit already filed. Bond v. Hewitt, 1933, 111 Fla. 180, 149 So. 606. While an equitable defense may be filed in a law court, affirmative equitable relief is not cognizable by a law court or contemplated by § 52.20.
The appellant, in his briefs, requests that in the event of a ruling favorable to him that this court remand the case to chancery since he has already filed a bill in equity. The real relief that the appellant-defendant wants is, in effect, specific performance of his alleged oral lease which would be affirmative relief.
We are of the opinion that the lower court committed no error in its ruling in this case.
Affirmed.
ALLEN, Acting C. J., and KANNER and WHITE, JJ., concur.