REED, Judge.
The plaintiff, G. B. D., Inc., filed this action in the Court of Record, Broward County, Florida, to dispossess the defend *192 ant, its tenant, Avvenire College For Women, from certain premises in Broward County owned by the plaintiff and leased to the defendant. The suit was filed under the provisions of Section 83.20, F.S.1969, F.S.A. The complaint alleged that the defendant held plaintiff’s premises under a nine month lease which called for a monthly rental of $4,055.00, and that the rent due on 15 October 1969 was in arrears to the extent of $2,800.00. The relief sought was an order for possession.
By an answer to the complaint the defendant admitted that the plaintiff owned the real property in question, but denied that the rent was in arrears. The defendant included in the answer a counterclaim in two counts. The first count alleged that the defendant entered possession of the plaintiff’s premises under a written lease with plaintiff, and a copy of the lease was attached. It was further alleged that the rent called for in the lease agreement was $4,055.00 per month, but that beginning October 15, 1969, the rent had been reduced by a supplemental agreement to $2,-520.00 per month. Count I of the counterclaim also alleged that the rent due on 15 October 1969 had been tendered and accepted by the plaintiff and the rent due on I and 15 November (under the revised lease) had been tendered and receipt thereof acknowledged by the plaintiff. Count I concluded with a prayer for specific performance of the lease as amended. Count II of the counterclaim realleged the allegations in Count I and sought to charge the plaintiff with damages for violation of the amended lease.
The plaintiff then filed a motion to strike the counterclaim and to amend its complaint. The motion for leave to amend sought to amend the original complaint by adding thereto certain allegations admitting that the lease had been amended, but also asserting that the rental payments tendered on November 1st and 15th were rejected by the plaintiff in that the tender was by personal check drawn on an overseas bank and was not legal tender. There appears to have been no order on the latter motion.
A motion for summary judgment was filed by the plaintiff. Attached to the motion for summary judgment was an affidavit by the attorney for the plaintiff. He states in his affidavit that two checks were received by him (apparently from the defendant) and that he was not able to cash the checks at the First National Bank of Fort Lauderdale. Copies of the checks are attached and appear to be drafts on the Bank of Sark.
The next significant item of record is the order appealed. This order: (1) strikes the counterclaim; (2) orders that the defendant be summarily removed from the leased premises; and (3) taxes costs against the defendant.
Points on appeal as stated by appellant are:
“Point I. The court erred in entering a summary judgment for plaintiff, since the record failed to demonstrate that there were no genuine material issues of fact or that plaintiff was entitled to a judgment as a matter of law.”
“Point II. The court erred in striking the counterclaim filed by defendant, since filing of a counterclaim is specifically authorized by F.S. 51.011(1), F.S. A.”
In the present case, the lease agreement provided for rent payments in dollars and, therefore, unless the parties agreed otherwise, the landlord was entitled to receive payment in that fashion. While the defendant’s answer does not expressly allege that the plaintiff waived the right to receive rent payments in cash, it appears from the affidavit of the plaintiff’s attorney that the attorney accepted two checks which were evidently in payment of the November rent. Hence, there is apparently an issue of fact as to whether or not, as to those installments of rent, the plaintiff waived its right to receive its rental in cash. For the foregoing reason, we conclude that a summary judgment should not have been granted.
*193 Section 83.21, F.S.1965, F.S.A., formerly provided:
“The landlord, his attorney, his legal representative, agent or assigns, applying for the removal of any such tenant, shall make and file with the county judge of the county wherein the premises are situated, a petition in writing, and under oath, stating the facts which so authorize the removal of any tenant, and describing the premises.”
At the 1967 session of the legislature, F.S. Section 83.21, F.S.A., was amended to read as follows:
“The landlord, his attorney or agent, applying for the removal of any tenant, shall file a complaint stating the facts which authorize the removal of the tenant, and describing the premises in the proper court of the county where the premises are situated and is entitled to summary procedure provided in section 51.011, Florida Statutes.” (Emphasis added.)
At the same session of legislature, F.S. Section 51.011, F.S.A., was enacted. It provides a summary procedure for certain statutory proceedings. With respect to defensive pleading, it states in subsection (1):
“* * * All defenses of law or fact shall be contained in defendant’s answer which shall be served within five days after service of process. If the answer incorporates a counterclaim, plaintiff shall include all defenses of law or fact in his answer to the counterclaim and shall serve it within five days after service of the counterclaim. No other pleadings are permitted. * * *” (Emphasis added.)
It would appear, therefore, that by reason of these statutory changes, any defense or counterclaim within the jurisdiction of the court is authorized in a statutory proceeding under Section 83.20, et sequi, F.S.1969, F.S.A., for the removal of a tenant.
Turning now to the counterclaim, it appears that Count I attempts to assert an equitable claim for specific performance. As such, of course, the counterclaim is improper because the Court of Record does not have equity jurisdiction. We are of the opinion, however, that the first count of the counterclaim should have been treated as a defense alleging payment and waiver by the plaintiff of its right to receive the October and November, 1969, rent installments in cash and allowed to stand. See Rule 1.110(d), 30 F.S.A., (last sentence) FRCP. As to Count II, it arguably states a cause of action for a breach of the lease agreement as amended and, therefore, should not have been stricken.
The judgment appealed from is reversed and the cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
WALDEN and OWEN, JJ., concur.