344 So.2d 252 (1977)
PALM CORPORATION, Appellant,
v.
183RD STREET THEATRE CORPORATION, Appellee.
No. 76-575.
District Court of Appeal of Florida, Third District.
January 11, 1977.
On Rehearing February 10, 1977.
Lapidus & Hollander, Miami, for appellant.
Dubbin, Schiff, Berkman & Dubbin and Evan J. Langbein, Miami, for appellee.
Before HENDRY, C.J., PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
PEARSON, Judge.
Palm Corporation was the defendant below in an action brought by the 183rd Street Theatre Corporation to enjoin a cause in the county court wherein Palm Corporation, as landlord, sought the eviction of its tenant, the 183rd Street Theatre Corporation. The circuit court issued an injunction, without notice, enjoining the prosecution of the action in the county court and, upon Palm Corporation's motion to dissolve the injunction, denied the motion and continued the injunction. This appeal is from that order.
We hold that the denial of the motion to dissolve the injunction was error because the allegations of the complaint in the circuit court set forth as equitable defenses and grounds for the injunction only those facts which could be pleaded as defenses in the county court action.
The landlord brought the action in the county court to evict the tenant pursuant to Section 51.011, Florida Statutes (1975). It alleged the forfeiture of the tenancy due to a default in the payment of rent. The lease agreement between the parties allegedly waived the three day notice requirement under Section 83.20(2), Florida Statutes (1975). The tenant's complaint in the circuit court consisted of two counts. The first sought to enjoin the county court from proceeding in the suit because the landlord had waived his right to claim forfeiture on the grounds of the late tender of a rental payment. Count 2 sought a declaration of rights under the lease agreements and a declaration of whether the waiver of the three day notice was effective.
Under the law prior to the 1954 Florida Rules of Civil Procedure, it was *253 held that the only defense on a petition to remove a tenant for non-payment of rent was proof of the payment of the rent. See Masser v. London Operating Co., 106 Fla. 474, 145 So. 79 (1932). It is clear from subsequent holdings that the trial court, in landlord and tenant proceedings, may now consider all equitable defenses. See Filaretou v. Christou, 133 So.2d 652 (Fla.2d DCA 1961); and Avvenire College for Women, Inc. v. G.B.D., Inc., 240 So.2d 191 (Fla.4th DCA 1970).[1] Therefore, any facts constituting an equitable defense such as those alleged in the complaint in the circuit court are available to the defense in the landlord and tenant proceeding. The circuit court is the appellate court in which county court judgments are reviewed on appeal. It, therefore, appears that the circuit court here has taken jurisdiction to declare defenses which it would ordinarily be called upon to review in an appellate proceeding. The county court has exclusive jurisdiction in landlord and tenant actions. See Section 34.011(2), Florida Statutes (1975). We, therefore, hold that the injunction was wrongfully entered and should have been dissolved upon motion when it was made to appear to the circuit court that the facts alleged in the complaint before it as equitable defenses were available as defenses in the county court.
The order appealed is reversed and the cause remanded with directions to dismiss the complaint in the circuit court.
Reversed and remanded.
Pursuant to rehearing granted, the court has reconsidered the record in light of briefs and argument of counsel for the appellee and has concluded that our opinion and judgment filed January 11, 1977 should be adhered to.
NOTES
[1] See also Fla.R.Civ.P. 1.110 and 1.140.