478 So.2d 95 (1985)
HELGA SKIN THERAPY, INC., Helga Spiessl, Individually, and Ludwig Spiessl, Individually, Appellants,
v.
DEAD RIVER PROPERTIES, INC., a Foreign Corporation, Appellee.
No. 85-431.
District Court of Appeal of Florida, Second District.
November 1, 1985.
Thomas R. Peppler of Nelson, Hesse, Cyril, Smith, Widman & Herb, Sarasota, for appellants.
Steven D. Hutton of Williams, Parker, Harrison, Dietz & Getzen, Sarasota, for appellee.
SCHEB, Judge.
Helga Skin Therapy, Inc., Helga Spiessl, and Ludwig Spiessl (Helga) appeal from a summary final judgment evicting Helga from real property it had been leasing from Dead River Properties, Inc. We affirm.
In October 1980, Helga leased a store in Bay Isles Civic-Community Center from Arvida Corporation. The lease provided for substantial increases in rent over a period of years. In June 1983, Dead River purchased the Bay Isles Center from Arvida.
Disputes arose between the parties concerning their respective contractual obligations. Helga contended that based on alleged oral representations by an agent of Arvida, it was not obligated to pay the increased rents provided for in the lease unless Dead River expanded the shopping center. Helga claimed that the increased rents would be due only when the shopping center was substantially enlarged to allow a higher profit potential for the tenants. On October 21, 1983, Dead River notified Helga by letter that it was in default for failing to pay rent due for July through October of 1983, and maintenance fees for October 1983. One month later, Dead River filed suit in county court to evict Helga. Helga asserted the affirmative defenses of payment of rents due plus amounts not earned or due, failure of consideration, and estoppel. In addition, Helga filed a five count counterclaim seeking: (1) damages for fraud and misrepresentation; (2) rescission of its lease; (3) damages for breach of the lease; (4) damages for failure of consideration under the lease; and (5) reformation of the lease. As a result of Helga's counterclaim, the suit was transferred to circuit court.
*96 In December 1983, counsel for Helga and Dead River stipulated that in return for Helga's agreement to tender payment of past due rent and promise to keep rent current, Dead River would waive any claim for double or triple rent damages.
In January 1984, Dead River filed a motion for summary judgment as to its complaint seeking eviction of Helga for nonpayment of rent for July through October, 1983. Helga filed affidavits claiming that it had overpaid rent "considering what Arvida and then Dead River was supposed to provide and did not." The affidavit further stated that:
We have now paid, under protest, rent to the present time... . We have done this in order to show our good faith and put in the hands of [Dead River] monies that would be [Dead River's] entitlement if they are correct. However, if we are correct, thousands of dollars will have to be refunded to us of overpaid rent and perhaps additional damages awarded to us.
The trial court denied the motion for summary judgment.
From February to June of 1984, rental payments were kept current. However, beginning in July, Helga did not pay any rent to Dead River. Dead River subsequently filed an amended complaint. In counts I and II it sought to evict Helga for failure to keep rent current according to the terms of the lease and the stipulation of counsel. Counts III and IV of the amended complaint sought unpaid rent and double rent, respectively. Helga's answer denied all material allegations against it and reasserted its previously filed counterclaim and affirmative defenses. In addition, Helga raised two new affirmative defenses  unclean hands and lack of performance under the lease by Dead River.
On December 21, 1984, Dead River filed a second motion seeking a summary final judgment as to counts I and II of its amended complaint. Its supporting affidavits, in essence, stated:
1. Dead River terminated Helga's lease in October of 1983 for failure to pay rent due for July through October of 1983.
2. On October 21, 1983, when the letter terminating the lease was mailed to Helga, Helga owed $8,426.24 for unpaid rent and $227.75 for maintenance fees.
3. In December 1983 counsel for Helga agreed to tender payment of rent to Dead River pending the outcome of litigation, in return for which Dead River would waive its claim for double and triple rent damages.
4. Helga failed to pay rent for June through December of 1984. As of December 4, 1984, Helga owed Dead River $15,674.07 for unpaid rent and $161.53 for unpaid 1983 real estate taxes.
On January 22, 1985, the day before the hearing on Dead River's second motion for summary judgment, Helga's attorney delivered an opposing affidavit and check for $15,674.07 to counsel for Dead River. The affidavit asserted that the written lease did not contain the full agreement regarding rent and that rents paid by Helga were greater than rents due. The check represented the amount claimed by Dead River to be past due for June through December of 1984. At the hearing on the motion, Dead River announced that it rejected Helga's tender of past due rent. The trial judge entered summary final judgment in favor of Dead River on counts I and II of its amended complaint, thereby granting Dead River possession of the leased premises. This appeal by Helga ensued. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii).
The lease agreement between the parties provides:
In the event Lessee shall fail ... to make any rental or other payment due hereunder within fifteen (15) days after same shall become due, ... then Lessor shall have the option to:
A. Terminate this Lease, resume possession of the Premises for its own account and recover immediately *97 from Lessee the difference between the rent for which provision is made in this Lease and fair rental value of the Premises for the remainder of the Lease term, together with any other damage occasioned by or resulting from the abandonment or a breach or default other than a default in the payment of rent;
B. Resume possession and re-lease or re-rent the Premises for the remainder of the Lease term for the account of Lessee and recover from Lessee, at the end of the Lease term or at the time each payment of rent becomes due under this Lease, as the Lessor may elect, the difference between the rent for which provision is made in this Lease and the rent received on the re-leasing or re-renting,... and ..., in addition, be entitled to recover from Lessee immediately any other damages occasioned by or resulting from the abandonment or a breach or default other than a default in the payment of rent.
After reviewing the record, including pleadings and affidavits of both parties, we are unable to find any statements of fact to show that Helga paid the full amount of rent specified in the lease as those sums became due. In fact, we regard Helga's attempted tender of rent for the previous seven months to be fairly strong evidence of default. In addition to being untimely, the check offered by Helga on the day before the hearing was deficient as a tender in that it did not include the rent due for January 1985. Neither the lease agreement nor the stipulation required Dead River to accept this late payment. Helga failed to make rental payments within fifteen days after they became due; therefore, under the lease, Dead River was entitled to possession of the premises. Accordingly, the trial court correctly entered summary final judgment for Dead River on counts I and II of its amended complaint.
We reject Helga's assertion that Dead River is not entitled to a summary judgment because it did not deny or establish the legal insufficiency of Helga's counterclaim and affirmative defenses. Under different circumstances, this argument would generally constitute a ground for vacating a summary judgment. See, e.g., Johnson and Kirby, Inc. v. Citizens National Bank, 338 So.2d 905 (Fla. 3d DCA 1976); Stewart v. Gore, 314 So.2d 10 (Fla. 2d DCA 1975). However, Dead River's motion for summary judgment was based only on counts I and II of its amended complaint. While those counts sought eviction of Helga from the leased premises, Helga's defenses and counterclaim suggest that the amount of rent it owes is less than the amount stated in the lease. Thus, these defenses and the counterclaim would, if applicable, only relate to counts III and IV involving rent damages.
We do not rule nor do we express any opinion as to the legal sufficiency of counts III and IV or Helga's counterclaim and affirmative defenses. Since the summary judgment was limited to an order of eviction, the question of rent damages raised in counts III and IV and the defenses and counterclaim are not before us on this appeal.
Affirmed.
RYDER, C.J., and DANAHY, J., concur.