491 So.2d 1173 (1986)
William C. HERRELL, Jr. and William C. Herrell, Jr., P.A., Appellants,
v.
SEYFARTH, SHAW, FAIRWEATHER & GERALDSON, A partnership Doing Business in Florida, Appellee.
No. BJ-203.
District Court of Appeal of Florida, First District.
July 2, 1986.
Stephen Marc Slepin of Slepin, Slepin & Waas, Tallahassee, for appellants.
John D. Buchanan, Jr. of Henry, Buchanan, Mick & English, Tallahassee, for appellee.
ERVIN, Judge.
This is an appeal by nonresidential sublessees from a nonfinal order of partial summary judgment of eviction, appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). They argue that the trial court erred in granting sublessor's counterclaim for eviction without considering appellants' legal and equitable defenses, or, in the alternative, that the law of the case requires the trial court to resolve such issues before the entry of the partial summary judgment. We reverse and remand as to the first issue, and therefore do not address the second.
Sublessor, a law partnership, sublet a portion of the sixth floor of the former Lewis State Bank Building to sublessees, members of a Tallahassee law firm. The sublease stated in part that the sublessor would provide receptionist and other services on a non-exclusive basis to the sublessees. During the term of the lease, the sublessees filed a complaint in circuit court, alleging breach of the lease agreement and tortious conduct by the sublessor, and sought both damages and injunctive relief. Appellee/sublessor filed an answer, raising affirmative defenses, as well as a counterclaim seeking damages for nonpayment of *1174 rent. While the claims were pending in circuit court, sublessor filed an action in county court for immediate possession of the premises and eviction of the sublessee. The county court ordered that the proceeding be abated pending resolution of the other issues in the circuit court, adding in its order that it could not grant the sublessor possession of the premises without finding a duty on the part of the sublessees to pay rent and a subsequent non-payment by them.
The circuit court affirmed the county court's order, holding that the county court action involved issues that were inextricably bound to the question of the sublessor's right of possession. The sublessor thereupon amended its counterclaim in the circuit court action[1] to include a count for possession of the premises.[2]
Upon the sublessees' admission that they had not paid rent since April 1983 due to the sublessor's alleged breach of the lease agreement, the circuit court granted appellee's motion for partial summary judgment of eviction, which is the subject of this appeal. The remaining issues remain pending in circuit court. We are in agreement that the lower court's entry of summary judgment was, under the circumstances, premature.
At common law, the only defense to a petition to remove a tenant for nonpayment of rent was by proof of payment of rent. See Masser v. London Operating Co., 106 Fla. 474, 145 So. 79 (1932); Nevins Drug Co. v. Bunch, 63 So.2d 329 (Fla. 1953). The sole issue to be determined in a possessory proceeding was not the amount of rent owing, but whether any rent was due. State ex rel. Hillman v. Hutchins, 118 Fla. 220, 158 So. 716 (1935). The rule that the tenant had no defense to the landlord's action for possession, once it was established that the tenant had failed to pay rent, devolved from the common law doctrine *1175 of independent covenants, stating that the landlord's and the tenant's covenants to a lease are independent of each other and that a breach by one party of his covenant or obligation does not excuse the other party from the continued performance of his obligations. Masser v. London Operating Company. For example, despite the landlord's express covenant to keep a dwelling unit in good repair, the breach of the covenant by the landlord would not justify abandonment or nonpayment of rent by the tenant. 2 R. Boyer, Florida Real Estate Transactions, § 35.10 (1982). We must therefore resolve the question of whether the common law doctrine of independent covenants remains the law in Florida as to possessory actions involving nonresidential landlords and tenants.
The rule is well established that in the absence of constitutional, or statutory authority reflecting a change in the common law, a district court of appeal is not empowered to overrule controlling precedent of the Florida Supreme Court. See Hoffman v. Jones, 280 So.2d 431, 434 (Fla. 1973); Shands Teaching Hospital and Clinics, Inc. v. Smith, 480 So.2d 1366 (Fla. 1st DCA 1985). As to residential tenants, the Florida Residential Landlord and Tenant Act (Chapter 73-330, Laws of Florida, creating Section 83.40, et seq., Florida Statutes) explicitly authorizes such tenants to raise all legal and equitable defenses to actions brought by a landlord for possession of a dwelling. See Section 83.60(1), Florida Statutes. Similar defenses are available to tenants under The Florida Mobile Home Act, Sections 723.001, et seq., Florida Statutes (1985). See specifically section 723.063(1). If, however, the tenant raises any defense other than payment, he is required to pay into the registry of the court the accrued rent, as alleged in the complaint or as determined by the court, and all rent accruing during the pendency of the proceeding, when due. Section 83.60(2). See also section 723.063(2).
The Florida Residential Landlord and Tenant Act, by its terms, however, specifically applies to the rental of dwelling units, see Section 83.41, Florida Statutes  and not to nonresidential tenancies, governed by part I of Chapter 83. We are nevertheless of the view that part I confers the right on nonresidential tenants to raise any cognizable defense, notwithstanding the fact of nonpayment, to a landlord's possessory action. We find support in this conclusion by the adoption in 1967 of the summary procedure mechanism (Chapter 67-254, § 7, Laws of Florida, Section 51.011, Florida Statutes), its explicit application to part I of chapter 83 (Section 83.21, Florida Statutes), and other pertinent changes to part I, as well as judicial opinions decided during the past sixteen years construing the statutory amendments.
Perhaps the most profound change occurred in 1983 with the amendment to Section 83.05, Florida Statutes, eliminating the landlord's self-help right to eviction, and authorizing the landlord to recover possession of nonresidential rental property under the following conditions: (1) if the landlord has instituted action for possession under Section 83.20, or other civil action in which the right of possession is determined; (2) if the tenant has surrendered possession of the premises; or (3) if the tenant has abandoned the premises. Section 83.05(2)(a)(b) and (c), Fla. Stat. The title to chapter 83-151, relating to the amendment to section 83.05, states that the statute specifies "alternative methods by which a landlord may recover possession of nonresidential premises; ... ." (e.s.)
We construe the amended statute as requiring the landlord to file an action for possession in all circumstances except those enumerated in section 83.05(2)(b) and (c), which, if they occur, permit the landlord to reenter the premises peaceably and retake possession. The effect of the amendment to section 83.05 is to abrogate the landlord's right to obtain possession  unless he files an action for possession under section 83.20, or other civil action  in every case in which the tenant remains on the premises after having been given the notice provided in section 83.20(2).
*1176 The amendments to section 83.05, in our view, represent a partial acceptance by the legislature of the recommendation made by Professor Boyer in 1968, advocating the repeal of the landlord's self-help right to eviction:
Since we propose to prohibit non-consensual peaceable entries as well as forcible entries, section 83.05 must be repealed to achieve this goal. The party out of possession is provided with an adequate, speedy, summary remedy to regain possession, and should be required to resort to this remedy even if the tenant has defaulted in the payment of rent. If there is some dispute between the parties to a lease agreement, a tenant who feels that he has a valid reason to withhold the rent would be able to do so without the fear of being summarily ejected without legal process.

Boyer and Grable, Reform of Landlord-Tenant Statutes' to Eliminate Self-Help in Evicting Tenants, 22 U.Miami L.Rev. 800, 803-04 (1968) (e.s.) (footnote omitted).
In the case at bar the sublessor complied with section 83.05(2)(a) by filing a counterclaim for possession of the leased premises. As such it utilized the summary procedure available to it by chapter 83 and Section 51.011, Florida Statutes. In that section 83.21 requires the landlord to file a complaint for possession of the premises under the circumstances stated, and entitles him to the summary procedure authorized by Section 51.011, Florida Statutes, it necessarily follows that a defendant nonresidential tenant to such action has the concomitant right to assert defenses to such action. Among other things, section 51.011(1) permits the tenant to raise "all defenses of law or fact" in his answer or counterclaim. (e.s.) The statute does not limit the nonresidential tenant's right in the possessory action to assert defenses going only to the payment of rent. It is a well-established rule of statutory construction that the use by the legislature of a comprehensive term ordinarily reflects an intent to include everything reasonably embraced within the term. Florida State Racing Commission v. McLaughlin, 102 So.2d 574 (Fla. 1958).
Although the opinions of the various Florida appellate courts have not been consistent on the subject of the tenant's right to assert defenses other than payment of rent to a landlord's action for recovery of the premises, we find support in our conclusion by reliance upon decisions from two district courts. In 1970, the Fourth District Court of Appeal decided, reasoning from the summary procedure statute (section 51.011) which had been enacted in 1967, that a tenant was authorized to raise in a possessory action "any defense or counterclaim within the jurisdiction of the court." Avvenire College for Women, Inc. v. G.B.D., Inc., 240 So.2d 191, 193 (Fla. 4th DCA 1970) (e.s.). Accord, Palm Corporation v. 183rd Street Theatre Corporation, 344 So.2d 252 (Fla. 3d DCA 1977), cert. den., 355 So.2d 516 (Fla. 1978). The latter opinion did not discuss its earlier, contrary holding in Brownlee v. Sussman, 238 So.2d 317 (Fla. 3d DCA 1970), denying the tenant the right to assert affirmative defenses other than payment of rent to the landlord's action to recover possession. Although the Third District's two conflicting opinions could not be rationally distinguished before the 1983 amendment to section 83.05, they now can be. Brownlee based its decision in part upon the right given to the lessor by section 83.05, as it then existed, to enter and take possession of the premises upon the lessee's nonpayment of rent. The 1983 amendment to section 83.05, as previously observed, now requires the lessor to seek possession by legal process.
The instant case is moreover distinguishable from an action brought by the landlord to forfeit a leasehold on the ground of a provision within the lease authorizing the landlord to take possession upon the tenant's breach of specified conditions, and a subsequent breach thereof. See Helga Skin Therapy, Inc. v. Dead River Properties, Inc., 478 So.2d 95 (Fla. 2d DCA 1985). In upholding the trial court's judgment granting the lessor possession of the premises, the Helga court addressed itself exclusively *1177 to the record, showing the lessee's failure to pay rent as required by the terms of the lease. The opinion did not state whether the action for possession was brought pursuant to the procedure provided in chapters 51 and 83.
We are not asked to decide whether a landlord seeking possession of leased premises on the theory that the lease had been forfeited to the landlord by the actions of the tenant is now required to comply with the summary procedure provided by Section 51.011, Florida Statutes. We hold only that once a nonresidential lessor  as here  avails itself of the summary procedure afforded by chapters 51 and 83 in an action for possession, the lessee has the right to raise all cognizable defenses within the jurisdiction of the court trying the issues. The defenses available to a nonresidential tenant are clearly not coextensive with those provided the residential tenant under part II of Chapter 83, such as assertions relating to the residential landlord's material noncompliance with the obligations imposed upon him by section 83.51. See section 83.60(1). The nonresidential tenant's defenses, on the other hand, relate primarily  as here  to the landlord's breach of the covenants contained in the lease agreement.
By allowing an action for possession of premises to proceed in circuit court, subject to all cognizable defenses raised by a tenant, we are not unaware that the landlord's right to be summarily restored to possession may be undermined. There is no counterpart under part one of Chapter 83, as there is in part two thereof, or as in Chapter 723, directing the tenant to pay into the registry of the court the accrued rent as alleged in the complaint, and all rent accruing during the pendency of the proceeding, when due. See sections 83.60(2) and 723.063(2). Nevertheless, the sublessee in the instant case applied to a court of equity to be relieved from the threat of summary eviction. A court of equity traditionally has provided relief to tenants against the forfeiture of leases on condition that they tender payment of all accrued rent together with interest. See Rader v. Prather, 100 Fla. 591, 130 So. 15 (1930); Dinn v. Edmondson, 428 So.2d 286 (Fla. 4th DCA), pet. rev. den., 440 So.2d 351 (Fla. 1983). Whether the lower court should impose such a condition in the instant case is a matter for its own equitable discretion.[3]
Reversed and remanded for further proceedings.
WENTWORTH and JOANOS, JJ., concur.
NOTES
[1] Although no issue has been raised as to the jurisdiction of the circuit court over an action for possession of the premises, we observe that the circuit court properly assumed jurisdiction, notwithstanding the provisions of Section 34.011(2), Florida Statutes, providing that the county court has exclusive jurisdiction of proceedings relating to the right of possession of real property, because the respective demands for damages by the parties exceeded the jurisdictional limit of the county court, see Section 34.01(1)(c)2, Florida Statutes, and because the tenant's suit for injunctive relief was triable in circuit court. See, e.g., CKN Airways, Inc. v. Flagler County, 441 So.2d 1103 (Fla. 5th DCA 1983), pet. rev. dismissed, 447 So.2d 886 (Fla. 1984) (claim for eviction and counterclaim for damages in excess of $5,000 placed jurisdiction in the circuit court to consider both issues); Gonzalez v. Benoit, 424 So.2d 957 (Fla. 3d DCA 1983) (circuit court had jurisdiction over a landlord and tenant action because tenant's claim for damages in excess of $5,000 met the good faith test to invoke the jurisdiction of the circuit court); Redding v. Stockton, Whatley, Davin & Co., 488 So.2d 548 (Fla. 5th DCA 1986) (section 34.011(2), relating to the county court's jurisdiction in possessory actions, excepts from that court's jurisdiction all cases in equity).
[2] Count III of sublessor's amended counterclaim, filed on August 3, 1984, alleges in pertinent part:

12. This is an action to evict a tenant from real property in Leon County, Florida.
13. SEYFARTH leased a protion [sic] of the following described real property in said county:
That suite of offices located on the sixth (6th) floor of the Lewis State Bank Building, Tallahassee, Leon County, Florida, known as Suite 600.
14. Plaintiffs have possession of a portion of the premises known as Suite 600, Lewis State Bank Building, Tallahassee, Leon County, Florida under a written agreement to pay rent. A copy of said written agreement is attached to the Complaint as Exhibit "A".
15. Plaintiffs have failed to pay rent under the written agreement, and the rent is due from April 1983, and all months subsequent thereto. Plaintiffs still continued to occupy the premises even though notice to terminate for failure to pay the rent was given to the Plaintiffs to vacate by August 28, 1983.
16. SEYFARTH served Plaintiffs with a notice to vacate the premises by August 25, 1983. Plaintiffs have refused to vacate or pay rent. A copy of said notice is attached hereto as SEYFARTH'S Exhibit "C" and by reference made a part hereof.
Attached to the amended counterclaim was a copy of the notice to vacate, stating in part that sublessor demands, "pursuant to Section 83.20(2), Florida Statutes that ... [sublessee] pay the amount due or deliver possession ... within three (3) days from the date of service... ."
[3] We are not confronted with the question of whether such condition might impinge upon a tenant's constitutional right to equal protection of the laws. See Lindsey v. Normet, 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972). See also discussion in Williams and Phillips, The Florida Residential Landlord and Tenant Act, 1 Fla.St.U.L.Rev. 555, 585-89 (1973), and Oliva, Summary Eviction: Procedure and Pitfalls, 57 Fla.Bar J. 312 (1983). Notwithstanding the above, at least one Florida appellate court has recently upheld the landlord's right to immediate possession, despite a residential tenant's pending counterclaim for injunctive relief and damages, upon the tenant's refusal to deposit accrued rent into the registry of the court. K.D. Lewis Enterprises Corp. v. Smith, 445 So.2d 1032 (Fla. 5th DCA 1984). No issue, however, was before the court as to the constitutionality of such a condition.