STEVENSON, J.
The instant appeal and cross-appeal arise from a commercial landlord-tenant dispute. Maida Vale, Inc., the tenant, appeals a final judgment of eviction and attorney’s fee award in favor of Abbey Road Plaza Corporation, the landlord. Landlord cross appeals challenging the ruling on tenant’s counterclaims, finding that landlord had calculated certain common-area maintenance charges (“CAM”), defined as rent, at a rate greater than that permitted by the lease and the landlord owed the tenant excess rent. We affirm in part and reverse in part.
Briefly stated, in its final judgment, the trial court agreed with the tenant’s claim that the landlord had been charging CAM in excess of that permitted by the lease and had erroneously included some of the challenged expenses. The court directed the parties to recalculate the CAM and determine, after taking into account the amounts paid by tenant during the litigation, whether the tenant owed the landlord or whether it was the landlord who now owed the tenant. Then, despite accepting the tenant’s position as to the correct amount of CAM and recognizing that the landlord may, in fact, owe the tenant, the court entered judgment in favor of the landlord on the eviction count.
The landlord contends the trial court erred in its ruling regarding the CAM due under the lease, while the tenant claims the trial court erred in finding in favor of the landlord on the eviction claim prior to ruling on tenant’s counterclaim for rent overpayment, and where the court ultimately ruled that the landlord owed tenant excess rent. The tenant also challenges the trial court’s finding that it waived its right to challenge the rent increases provided for in the rider to the lease and the prevailing party fee judgment in favor of the landlord. We affirm the trial court’s ruling on the CAM due under the lease and on the rent increases under the rider, but find merit in the tenant’s argument that the trial court improperly ordered eviction. Our rulings on the merits require reversal of the prevailing party fee award.
The landlord is the owner of a shopping plaza and, in 2003, leased space in that plaza to Abbey Road, Inc., which operated a restaurant. In 2007, Abbey Road, Inc., assigned the lease to Maida Vale, Inc. The landlord consented to the assignment.
The lease required the tenant to pay “minimum annual rent” or “base rent” plus CAM charges. Under the lease, CAM charges are considered “rent.” In June of 2009, Maida Vale began to have concerns about the amount of its CAM charges and, pursuant to a provision in the lease, requested back-up documentation. The landlord did not provide the information by July 1st and Maida Vale failed to pay the CAM due on July 1st. A failure to pay rent when due triggers a late fee and, if the rent is unpaid for fifteen days, an additional month’s rent as security. On July 31st, Maida Vale tendered the July CAM charges, but nothing further. When Maida Vale failed to timely pay the August CAM, the landlord gave notification that it was in breach of the lease, seeking $26,316.69 to cure. Maida Vale tendered $5,991.74, which the landlord rejected as insufficient.
The landlord filed an eviction action, alleging Maida Vale owed $26,316.69. The landlord’s claim regarding the amount due *1029 was predicated upon its belief that, under the lease, Maida Vale was responsible for 28.75% of the CAM charges for the plaza. Maida Vale counterclaimed, alleging it had actually made an overpayment of rent as the lease required it to pay only 26% of the CAM charges. According to Maida Vale’s evidence, when CAM was correctly calculated at 26%, it had overpaid rent to the landlord at both the time of the filing of the action for eviction and the bench trial. Maida Vale also insisted the landlord erroneously included more than $86,000 of expenses in the CAM charges. Landlord conceded overcharging of $7,434.
In addition to the CAM issues, the parties agreed to have the trial court determine whether a rider, containing a provision allowing for a five percent increase in minimum base rent per year, was binding on Maida Vale. Maida Vale insisted it was not bound by the rider and presented undisputed evidence that the rider was not attached to the copy of the lease Maida Vale received from its assignor. The landlord presented undisputed evidence that the rider was part of the negotiations between the landlord and the original tenant/assignor and was attached to the lease executed by the landlord and the assignor.
Having considered the evidence, the trial court found the lease unambiguously required CAM to be calculated at 26%— not the 28.75% the landlord had been charging. The trial court further found Maida Vale’s CAM obligation had to be reduced by the $7,484.54 in expenses the landlord conceded were improper; by the amounts charged it for waste management expenses from 2007-2009; and by the amount charged it for a $3,337 administrative expense. The final judgment directed the parties to recalculate the CAM and determine what amount was owed by Mai-da Vale to the landlord or vice versa.
Despite finding in favor of Maida Vale regarding the CAM rate and the fact that it might well turn out that the landlord owed Maida Vale, the court found in favor of the landlord on the eviction claim. Essentially, the court found Maida Vale breached the lease when it failed to timely pay the CAM and resulting penalties demanded by the landlord, and any claim by Maida Vale that the CAM charges were “unreasonable” was not a defense to its non-payment.
As for the rider, the trial court found Maida Vale waived the right to challenge its five percent annual increase in base rent as Maida Vale “acknowledged Plaintiffs entitlement to make that annual increase, paid it, and obviously knew of its existence.”
Based upon the parties’ post-judgment calculations, the court subsequently determined Maida Vale had overpaid CAM in the amount of $3,314.55, entering judgment in favor of Maida Vale in such amount. During these post-judgment hearings, the court noted it had viewed the eviction claim and Maida Vale’s counterclaim alleging miscalculation and overpayment of CAM separately. The trial court then awarded prevailing party attorney’s fees in favor of the landlord.
In this consolidated appeal, the landlord challenges the trial court’s ruling that the lease unambiguously requires CAM to be calculated at 26%. Maida Vale insists that it was improper for the court to order eviction without first determining whether it had actually overpaid rent; that the trial court’s finding that it waived its right to challenge the rider’s five percent annual increase in base rent was not supported by the evidence; and that the trial court erred in finding the landlord was the prevailing party for purposes of attorney’s fees. We affirm, without further comment, the ruling that the lease required *1030 CAM to be calculated at 26%. We find merit, however, in Maida Vale’s arguments that the issues of whether the landlord was entitled to eviction and whether Maida Vale had actually paid more rent to landlord than was due under the lease had to be considered in tandem and that a landlord cannot be entitled to eviction where a tenant has, in fact, overpaid rent. As for the rider, while we agree the evidence fails to support the trial court’s finding of waiver, we nonetheless affirm the trial court’s ultimate ruling that Maida Vale is obligated to pay the rent increases provided for in the rider. We write to address these issues.

Eviction & Maida Vale’s Claim of Rent Overpayment

To prevail in an eviction action, the landlord must prove, among other things, that the tenant defaulted in the payment of rent due under the lease. See 3618 Lantana Rd. Partners, LLC v. Palm Beach Pain Mgmt., Inc., 57 So.3d 966, 968 (Fla. 4th DCA 2011). Inherent in a determination as to whether the tenant defaulted in the payment of rent is a determination of the extent of the tenant’s rent obligation. Thus, where a tenant’s counterclaims or affirmative defenses overlap or are “inextricably interwoven into” the issues that must be decided in the eviction action, it is error to rule upon the eviction claim without resolving the matters raised by the tenant. See Cole v. Mendelsohn, 531 So.2d 397, 397 (Fla. 4th DCA 1988) (citing Herrell v. Seyfarth, Shaw, Fairweather & Geraldson, 491 So.2d 1173 (Fla. 1st DCA 1986)). See also 3618 Lantana Rd. Partners, 57 So.3d at 968-69 (reversing involuntary dismissal of eviction claim based upon trial court’s finding tenant’s claim of a rent credit credible as it was improper to assess credibility of witnesses at that stage of the proceedings, but remanding for further proceedings). Cf. Helga Skin Therapy, Inc. v. Dead River Props., Inc., 478 So.2d 95, 97 (Fla. 2d DCA 1985) (finding that summary judgment of eviction could stand where the landlord established that rent had not been timely paid and tenant’s affirmative defenses and unresolved counterclaim merely “suggest that the amount of rent it owes is less than the amount stated in the lease”).

The Rid,er

The trial court found Maida Vale waived its right to challenge the rider’s provision for a five percent annual increase in base rent as Maida Vale “knew about” and had paid the increase without objection. Mai-da Vale insists the evidence established a historical increase of three percent in base rent — not five percent. Our review of the evidence confirms this, reflecting that from 2007 through 2009, the base rent increased by three percent. It was not until the May 2010 final judgment that the base rent was increased by five percent.
This, then, brings us to Maida Vale’s claim that it is not bound by the rider as it was undisputed that the rider was not attached to the copy of the lease provided to it by the assignor and, until the eviction suit, Maida Vale had no knowledge of the rider. Such fact, however, does nothing to negate the fact that Maida Vale signed an “Assignment and Assumption of Lease,” whereby it expressly “assumes all of Lessee’s obligations under the subject lease.” The landlord’s evidence that the rider was part of the lease negotiated between it and the original tenant/assignor was undisputed. Maida Vale is thus bound by the rider. Cf. Shaw v. State Farm Fire & Cas. Co., 37 So.3d 329, 332 (Fla. 5th DCA 2010) (“Under Florida law, the assignment of a contract right does not entail the transfer of any duty to the as-signee, unless the assignee assents to assume the duty.”) (emphasis added).

*1031
Attorney’s Fee Judgment in Favor of Landlord

The attorney’s fee award in favor of the landlord was predicated upon the trial court’s determination that the landlord prevailed on the significant issues in the litigation. See, e.g., Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992) (for purposes of attorney’s fees, the prevailing party is the party that prevailed on the significant issues in the litigation). In light of our reversal of the judgment of eviction in favor of the landlord, we also reverse the attorney’s fee award and remand the matter so that the trial court may reconsider which party prevailed on the significant issues in the litigation.

Affirmed in part; Reversed in Part; and Remanded.

WARNER and CONNER, JJ., concur.