889 So.2d 204 (2004)
STATE of Florida, Appellant,
v.
Taramati PRASAD, Appellee.
No. 4D03-4809.
District Court of Appeal of Florida, Fourth District.
December 15, 2004.
*205 Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellant.
J. David Bogenschutz of Bogenschutz & Dutko, P.A., Fort Lauderdale, for appellee.
STONE, J.
Prasad, a bank manager, pled nolo contendere to charges of grand theft of over $500,000. The trial court entered a downward departure sentence, citing the need for restitution. Prasad's sentencing guidelines scoresheet calls for imprisonment within the range of 21 to 35 months. The court sentenced her to one year of community control, followed by probation. We conclude that the record in this case does not support a conclusion that the need for restitution outweighs the need for incarceration. Therefore, we reverse.
The record reflects that although Prasad stole the funds from elderly victims over the course of five years, all victims were made whole by the bank and the bank was reimbursed by its insurer, Travelers Casualty and Surety. At sentencing, Prasad presented a restitution plan and Travelers recommended that the court not imprison Prasad. Travelers' attorney argued that the loss was substantial, but he had no specifics as to the relative negative impact of the loss on Travelers.
A trial court's downward departure decision will be affirmed on appeal where the reason given for the departure sentence is valid and is supported by the evidence. State v. Schillaci, 767 So.2d 598 (Fla. 4th DCA 2000); § 921.0026(2), Fla. Stat. One aspect of the required showing is the need of the victim. However, the test for the victim's need is not the victim's desire or preference. If the harm suffered by the victim as a result of the theft was greater than normally expected, and restitution could mitigate that increased harm, then a downward departure sentence may be justified. Demoss v. State, 843 So.2d 309 (Fla. 1st DCA 2003).
A downward departure must be reversed where the record does not support a conclusion that there is a pressing need for restitution. See Demoss; State v. Quintanal, 791 So.2d 23 (Fla. 3d DCA 2001). In weighing the need for restitution versus the need for imprisonment, a sentencing court must also take into consideration relevant factors such as the nature of the loss, the efficacy of restitution, and the consequences of imprisonment. A victim's need is a valid basis for a downward departure sentence only if competent, substantial evidence shows the victim's need outweighs the need for incarceration. § 921.0026(2)(e), Fla. Stat.
We recognize that a loss of half a million dollars is considerable. However, the record is clear that Travelers' request expressed a business decision or preference, rather than a pressing need. See Demoss; Quintanal. In Demoss, the victim was a *206 profitable corporation, and there was no evidence of a pressing need for restitution. The appellate court concluded that the company did not suffer the hardship contemplated by the legislature when it made the theft of over $100,000 a first-degree felony, and the evidence was insufficient to distinguish the case from other grand thefts of the same magnitude so as to justify a downward departure sentence. Id.
We also note that Prasad's theft was not an isolated incident committed in an unsophisticated manner by a remorseful wrongdoer. To the contrary, bank fraud requires complex machination and keen skills. Prasad diverted funds from elderly customers for five years until she was caught.
Therefore, the sentence is reversed and we remand for re-sentencing.
GUNTHER and POLEN, JJ., concur.