991 So.2d 910 (2008)
DREAM CLOSET, INC., a Florida corporation d/b/a "Players of Palm Beach Mall," Appellant,
v.
PALM BEACH MALL, LLC, a Delaware limited liability company, as successor in interest to Simon Property Group, L.P., a Delaware limited partnership, Appellee.
No. 4D07-2993.
District Court of Appeal of Florida, Fourth District.
August 6, 2008.
F. Malcolm Cunningham, Jr. and Amy L. Fischer of The Cunningham Law Firm, P.A., West Palm Beach, for appellant.
Robert Bruce McCausland of McKenna & McCausland, P.A., Ft. Lauderdale, for appellee.
KLEIN, J.
The tenant in a mall appeals a judgment evicting the tenant and awarding the possession of the premises to the landlord. The landlord, which failed to prove the amount of rent due, argues that we should affirm the judgment because the payment by the tenant of the rent into the registry of the court was proof that the rent was in default. We do not agree with that argument and reverse.
In May 2007, the landlord served the tenant with a notice of default and demand to pay rent which showed the amount of *911 rent due as $62,436.65. The complaint seeking eviction, which was filed shortly thereafter, alleged that the amount of rent owed was $55,511, but attached the notice of default, which stated the higher amount. The tenant filed a motion to dismiss, contending the notice was defective because of the inconsistency in the amount, and deposited $55,511.09 into the registry of the court, adding another $14,999 a few weeks later. The tenant also filed an answer contesting the amounts claimed by the landlord.
The computation as to the amount of rent due in this case was complicated because, in addition to a minimum annual rent, there were percentages based on sales which made the computation anything but cut and dried. For example, there were addendums executed every year after the original lease was signed in 2000, and the addendum for 2006 provided in part:
Notwithstanding any provisions contained in the Lease to the contrary . . . the tenant shall pay to landlord on a monthly basis . . . an "Alternative Rent" equal to the greater of: Four Thousand Nine Hundred Seventy-one and 25/100 Dollars ($4,971.25) or (ii)ten percent (10%) of Tenant's monthly Gross Sales per month, commencing upon January 1, 2006 and continuing thereafter through and including December 31, 2006 (the "Rent Relief period"). As a part of Alternative rent, Tenant shall also be required to pay to Landlord, during the Rent Relief Period, Percentage Rent equal to ten percent (10%) of Gross Sales in excess of the Sales Breakpoint of $596,550.00 . . .
The court held an evidentiary hearing on the eviction at which the landlord attempted to prove the amount of rent due, but was unable to do so because the witness relied on by the landlord was not competent to testify as to the amount. In spite of this, the court gave the landlord possession, but granted the tenant a stay pending this appeal.
The applicable statute is 83.232(1), Florida Statutes (2006), which provides:
In an action by the landlord which includes a claim for possession of real property, the tenant shall pay into the court registry the amount alleged in the complaint as unpaid, or if such amount is contested, such amount as is determined by the court, and any rent accruing during the pendency of the action, when due, unless the tenant has interposed the defense of payment or satisfaction of the rent in the amount the complaint alleges as unpaid. Unless the tenant disputes the amount of accrued rent, the tenant must pay the amount alleged in the complaint into the court registry on or before the date on which his or her answer to the claim for possession is due. If the tenant contests the amount of accrued rent, the tenant must pay the amount determined by the court into the court registry on the date that the court makes its determination.
The landlord argues that the tenant failed to comply with this statute because the tenant contested the amount of rent due, but nevertheless paid an amount into the registry of the court, without having the court determine the amount of rent due. The problem with the landlord's argument is that, although it came to the evidentiary hearing with the intention of proving that the tenant had defaulted because it had not paid the correct amount of rent, it was unable to do so.
The elements for a cause of action for eviction are:
1) the parties had an agreement requiring the Tenant to pay the Landlord rent *912 for the use of the property; 2) the Tenant defaulted in the payment of this rent; 3) three days' notice requiring the payment of the rent or the possession of the property was served on the Tenant; and 4) the Tenant failed to pay the rent or deliver possession of the property within three days.
Boudreau v. M & H Food Corp., 895 So.2d 501 (Fla. 2d DCA 2005).
The landlord's sole argument for affirmance is that the mere fact that the tenant paid a sum into the registry of the court is evidence of a default which would support eviction. Under these facts, where the parties disagreed on the amount, and the landlord failed to prove that the tenant defaulted, we cannot agree. We accordingly reverse.
WARNER, J., and BARZEE FLORES, MARY, Associate Judge, concur.