LEVINE, J.
 

 The issue presented is whether the trial court erred by involuntarily dismissing appellant’s claims for conversion, breach of the lease, and violation of the Florida Deceptive and Unfair Trade Practices Act (“FDUTPA”), sections 501.201-.213, Florida Statutes (2008), against appellee Emory
 
 [1]
 
 with prejudice. We find the trial court erred, and we reverse.
 

 In 2007, appellant executed a residential lease for a home for a six-month (later extended to eight months) lease term. Appellant’s mother approached Emory, who worked in real estate, about her son purchasing or renting a home. Appellant was to pay $1,300 a month, and he would have an option to purchase the home at a future date. The lease executed was between appellant, as lessee, and Emory and Robinson, as lessors. As part of the payment, appellant tendered $20,000. Appellant believed the $20,000 was both a security deposit for the home as well as a down payment on a possible option to buy the home at the end of the lease period. Emory believed it was a nonrefundable deposit. As proof, she pointed out the fact that the section on refundable deposits was struck through on the preprinted lease utilized. Despite the striking through of the section on refundable deposits, appellant still felt they had a “verbal agreement that the money was to be returned.”
 

 The case proceeded to a non-jury trial. Appellant testified that, at some point during the lease period, he asked for the return of the $20,000. Emory and Robinson both told him he “shouldn’t worry about” the money because they planned to return it to him. Subsequently, after the expiration of the lease, and after appellant sent several letters requesting return of the $20,000, Emory told him she would not return the money since “her children had to eat too.”
 

 Emory testified that she worked for Robinson, and any funds she received from
 
 *292
 
 appellant she tendered to Robinson. Robinson also testified that Emory worked for him, and any monies she received she would give to Robinson to invest in other properties. At the close of appellant’s case, Emory moved for an involuntary dismissal of all claims against her pursuant to Rule 1.420(b). The trial court dismissed the claims, finding that appellant’s evidence did not support a prima facie case against Emory.
 

 We review de novo the trial court’s order on a motion to dismiss.
 
 Brundage v. Bank of Am.,
 
 996 So.2d 877, 881 (Fla. 4th DCA 2008). In a non-jury trial, any party may move for dismissal after the plaintiff has finished presenting his evidence. Fla. R. Civ. P. 1.420(b). “An involuntary dismissal is properly entered only where the evidence considered in the light most favorable to the non-moving party fails to establish a prima facie case.”
 
 Perez v. Perez,
 
 973 So.2d 1227, 1231 (Fla. 4th DCA 2008);
 
 see also Lake Charleston Maintenance Ass’n. v. Farrell,
 
 16 So.3d 182, 184-85 (Fla. 4th DCA 2009) (“But where the plaintiff ‘presented a prima facie case based on unim-peached evidence ... the trial judge should not grant the motion even though he is the trier of the facts ....’”) (quoting
 
 Tillman v. Baskin,
 
 260 So.2d 509, 511 (Fla.1972));
 
 Brundage,
 
 996 So.2d at 881.
 

 The trial court dismissed the claim alleging the unlawful conversion of appellant’s $20,000. “Conversion is defined as ‘an act of dominion wrongfully asserted over, and inconsistent with, another’s possessory rights in personal property.’ ”
 
 Joseph v. Chanin,
 
 940 So.2d 483, 486 (Fla. 4th DCA 2006) (quoting
 
 Goodwin v. Alexatos,
 
 584 So.2d 1007, 1011 (Fla. 5th DCA 1991)). Appellant claims that Emory still exercised dominion over the $20,000 that he tendered to her because Emory refused to return it on the ground that “her children had to eat too,” rather than that she did not possess the money. Emory, as an employee of Robinson, claims that the funds were retained by Robinson. Whether Emory gave all the money to Robinson or retained some of it is an issue of fact precluding involuntary dismissal of this claim. Thus, the dismissal by the trial court was in error.
 

 As to the claim of breach of lease, the trial court held that Emory was not a party to the lease, but rather “acted as agent” for Robinson. Therefore, Emory could not breach a lease to which she was not a party. The trial court’s finding is not supported by the record, since the copy of the lease agreement admitted into evidence at trial listed Emory as a lessor of the property and, further, Emory stipulated to being a party to the lease. The trial court based its contrary finding on a determination that Emory was not an owner of the property. There is no evidence in the record regarding the ownership of the property; there is only the argument of Emory’s counsel. Emory’s attorney’s unsworn, unverified statements do not establish competent evidence.
 
 Leon Shaffer Golnick Advertising, Inc. v. Cedar,
 
 423 So.2d 1015, 1017 (Fla. 4th DCA 1982). Accordingly, the order dismissing the breach of contract claim against Emory must be reversed.
 

 Finally, as to the FDUTPA claim, appellant established a prima facie claim that should be allowed to proceed. A claim for damages under section 501.204(1) has three elements: “(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.”
 
 Rollins, Inc. v. Butland,
 
 951 So.2d 860, 869 (Fla. 2d DCA 2006). Appellant argues that the “deceptive” or “unfair” act is Emory’s alleged promise to refund the $20,000 at the end of the lease period if appellant did not purchase the property. At trial, appellant offered evidence of a financial loss caused by this “deceptive” statement. Whether
 
 *293
 
 Emory’s representations constitute “deceptive and unfair” conduct is an issue of fact to be resolved by the judge at the conclusion of the trial.
 
 See Beacon Prop. Mgmt., Inc. v. PNR, Inc.,
 
 890 So.2d 274 (Fla. 4th DCA 2004). The trial court appears to have dismissed this claim upon the erroneous belief that Emory acted as Robinson’s agent, not as a principal. Again, the evidence presented at trial does not support this conclusion, and the order dismissing the FDUTPA claim must be reversed.
 

 Based on the foregoing reasons, we reverse and remand for proceedings in accord with this opinion.
 
 [2]
 

 Reversed and remanded for further proceedings.
 

 WARNER and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . Robinson filed a suggestion of bankruptcy just prior to trial, and the proceedings were stayed as to Robinson. Robinson is not a party to this appeal.
 

 [2]
 

 . Because this case was tried without a jury, we suggest that tire trial court, in its discretion, may recommence proceedings from the point at which the motion for involuntary dismissal was granted, provided that the same trial judge is available to hear the case on remand.
 
 See Lake Charleston,
 
 16 So.3d at 185-86.