PER CURIAM.
The state appeals from a downward departure sentence imposed on appellee. We reverse because there was no evidence presented that the need for restitution outweighed the need for a prison sentence.
After accepting a plea, the trial court adjudicated appellee guilty of attempted *1139 burglary of a structure, possession of burglary tools, and criminal mischief. During the sentencing hearing, the prosecutor represented that restitution was $100 to replace a broken window. Over the state’s objection, the court imposed a mitigated sentence under section 921.0026(2) (e), Florida Statutes, based on the court’s opinion that the victim’s need for restitution outweighed the need for a prison sentence.
A trial court’s decision to mitigate a sentence under section 921.0026(2)(e) is reviewed for competent, substantial evidence that the victim’s need for restitution outweighs the need for incarceration. Kirby v. State, 863 So.2d 238, 245 n. 10 (Fla.2003); Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). A downward departure sentence may be justified “[i]f the harm suffered by the victim as a result of the [offense] was greater than normally expected, and restitution could mitigate that increased harm.” State v. Prasad, 889 So.2d 204, 205 (Fla. 4th DCA 2004). Reversal is warranted, however, “[w]here there is no evidence of a pressing need for restitution, or that a downward departure is required to ensure that restitution is in fact made.” State v. Schillaci, 767 So.2d 598, 600 (Fla. 4th DCA 2000).
The trial court erred in granting a downward departure sentence, as the defense presented no evidence that the need for restitution outweighed the need for a prison sentence. The owner of the business whose window was broken did not testify at the restitution hearing, and there was no testimony that the owner needed or even requested restitution. Additionally, there was no evidence regarding the amount of the loss, only the prosecutor’s unsworn, unverified statement. See Wright v. Emory, 41 So.3d 290, 292 (Fla. 4th DCA 2010) (noting an attorney’s “un-sworn, unverified statements do not establish competent evidence”).
Accordingly, we reverse appellee’s sentence and remand for resentencing.

Reversed and remanded.

MAY, DAMOORGIAN and LEVINE, JJ., concur.