DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDGE PILATES CORPORATION,**
Appellant,

v.

**TRIBECA AESTHETIC MEDICAL SOLUTIONS, LLC,** a Florida
limited partnership, et al.,
Appellees.

Nos. 4D12-3686 and 4D13-1706

[February 25, 2015]

Consolidated appeals and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marc H. Gold, Judge; L.T. Case No. 10-20735 CACE.

Mark Perlman of Mark Perlman, P.A., Hallandale, for appellant/cross-appellee Edge Pilates Corporation.

Deborah A. Green of The Green Law Firm, PL, Plantation, for appellee/cross-appellant Tribeca Aesthetic Medical Solutions.

John Phillips, Fort Lauderdale, for appellee Bayou Meto, Inc.

KLINGENSMITH, J.

This is a consolidated appeal from a dispute between Edge Pilates Corp. ("Tenant") and Tribeca Aesthetic Medical Solutions ("Subtenant"). Tenant leased space at the subject property from Bayou Meto, Inc. ("Landlord") and opened a Pilates gym. Nine months later, Tenant entered into a sublease agreement with Subtenant for a portion of the space. Subtenant intended to use this space to run a medical office specializing in internal medicine and cosmetic medical procedures catering to the same demographic client base as that expected to be attracted to the gym. The sublease stated that "[t]he rent shall include reference of Subtenant in all of [Tenant's] media advertising, public relations, e-mail blasts, news letters, presentations, and all other marketing efforts," but failed to itemize the amount of the rent designated for the use of the premises and the amount recognized as the value of the Tenant's marketing services. We reverse, and find that while

the evidence at trial supported Tenant's claim for eviction, there was insufficient evidence to support the amount awarded to Subtenant on the claim of unjust enrichment.

This dispute arose when Subtenant failed to pay the rent, and Tenant issued a three-day notice demanding payment. Subtenant failed to make its payment by the end of the three days, and Tenant in turn accelerated the sublease agreement. Tenant filed a complaint containing one count for eviction, one count for money damages, and another count for foreclosure of its lien for the rent. Although Subtenant admitted that it had received the three-day notice from Tenant and that it was still in possession of the property, it claimed that it had deposited the disputed rent monies into the court registry pursuant to section 83.232(5), Florida Statutes (2010). While the exact date of the deposit is disputed, evidence showed that the deposit took place after the three-day notice expired. Subtenant also claimed that Tenant breached its agreement by failing to provide the marketing efforts described in the sublease, and counterclaimed to determine the fair market value of the rent for the sublet premises and to receive reimbursement for the value of the marketing services not provided. Landlord intervened in the action below.

Following a non-jury trial, the court orally announced its findings to the parties. The trial court denied each of the counts in Tenant's complaint, and denied four of the five counts of Subtenant's counterclaim.[1] However, the court found in favor of Subtenant on its unjust enrichment claim, stating that the marketing services were part of the rent and had value, and that Tenant had been unjustly enriched by accepting payment for these services when it did not provide them to Subtenant. The court ultimately awarded Subtenant $100,000.00, and both parties appealed the court's final order and judgment.

During the trial, counsel for Subtenant called a representative for Landlord as a witness to testify about what other tenants on the property were paying, in an attempt to establish the fair market rental value of the subleased premises. The witness explained that many variables affected

---

[1] Subtenant initially alleged one count for declaratory relief, one count for breach of contract, one count for fraud, one count for fraudulent misrepresentation, and one count for unjust enrichment. Subtenant later amended its answer and counterclaim and added an additional count for injunction. In denying Subtenant's request for declaratory relief in count one of the counterclaim, the trial court stated: "I have nothing to say, I don't believe that's appropriate for me to make liability findings under the circumstances."

2

the rental price, including location, view, improvements to the property, and the time at which the parties entered into the lease agreement. Also, the space Subtenant was renting was not comparable to areas of the property being rented by other tenants, since there was a premium placed upon space rented for medical use. He further explained that Subtenant entered into the lease at "the top of the market."

At the conclusion of the trial, the trial court acknowledged having difficulty awarding damages on the unjust enrichment claim, as there had been no evidence directly on point that would enable it to come up with an appropriate number. In making the ruling on damages, the judge said:

> I have a big problem with damages in this case. I don't know what – I have had no testimony as – that would be directly on point as to the value of this part of the rent, the rent shall include. The rent, the payment reflects this service and there has been no testimony as to – it's a tough thing for me to do.

After explaining that Landlord's testimony was irrelevant to the issue of damages, the judge remarked that "it's not going to be that hard for me . . . to come up with a number that reflects what [the marketing] is worth." He then refused to hear additional argument concerning the value of the marketing services, and gave the parties three options regarding damages: "[a]ll I want to know right now is how I'm going to come up with damages? One, you reach an agreement. Two, you let me do it. Three, we reopen the case." The trial court selected option two, and issued a final order awarding Subtenant $100,000.00 on its unjust enrichment claim.

Tenant argues that the trial court erred by denying its claim for eviction for three reasons: first, the only evidence presented at trial was that Subtenant failed to pay rent; second, the trial court found that Tenant did not breach the sublease or engage in fraud or misrepresentation; and third, Subtenant's deposit into the court registry was not a defense to Tenant's eviction action. Tenant maintains that it was error for the trial court to deny its claim for eviction because the undisputed evidence presented satisfied all the requirements for establishing a prima facie claim for eviction under section 83.20(2). We agree with all of these arguments.

3

Section 83.20, Florida Statutes (2010), states, in pertinent part:

> Any tenant or lessee at will or sufferance, or for part of the year, or for one or more years, of any houses, lands or tenements, and the assigns, under tenants or legal representatives of such tenant or lessee, may be removed from the premises in the manner hereinafter provided in the following cases:
>
> . . . .
>
> (2) Where such person holds over without permission as aforesaid, after any default in the payment of rent pursuant to the agreement under which the premises are held, and 3 days' notice in writing requiring the payment of the rent or the possession of the premises has been served by the person entitled to the rent on the person owing the same. The service of the notice shall be by delivery of a true copy thereof, or, if the tenant is absent from the rented premises, by leaving a copy thereof at such place.

§ 83.20(2), Fla. Stat. (2010). This court has previously described the elements required to establish a prima facie claim for eviction as follows:

> Eviction of a non-residential tenant is governed by section 83.20, Florida Statutes. Under section 83.20(2), appellant was required to offer evidence of the following elements to establish a prima facie claim for eviction:
>
> 1) the parties had an agreement requiring the Tenant to pay the Landlord rent for the use of the property; 2) the Tenant defaulted in the payment of this rent; 3) three days' notice requiring the payment of the rent or the possession of the property was served on the Tenant; and 4) the Tenant failed to pay the rent or deliver possession of the property within three days.

*3618 Lantana Rd. Partners, LLC v. Palm Beach Pain Mgmt., Inc.*, 57 So. 3d 966, 968 (Fla. 4th DCA 2011) (quoting *Dream Closet, Inc. v. Palm Beach Mall, LLC*, 991 So. 2d 910, 911-12 (Fla. 4th DCA 2008)).

In the instant case, in addition to evidence that monies in dispute were deposited into the court registry, the record also includes a copy of the sublease agreement, the three-day notice that Subtenant

4

acknowledged receiving, testimony that Tenant did not receive the rent payment from Subtenant at the end of the three-day period, and Subtenant's admission that it was in possession of the property at the end of the three-day period. Therefore, Tenant submitted evidence sufficient to satisfy each of the requirements necessary to prove a prima facie case for eviction under section 83.20(2). Accordingly, the trial court erred in denying Tenant's claim for eviction.

We also agree with Tenant that the trial court's award of $100,000.00 was not supported by competent substantial evidence. The rent for the sublet property included marketing services, but the sublease agreement did not provide a breakdown of what portion of the rent was directed towards the marketing services. In order to determine the amount of Subtenant's reimbursement, the trial court necessarily had to apportion how much of Subtenant's rental payment was directed towards the use of the property and how much was directed towards the marketing services. Only after taking testimony and evidence relating to this apportionment could the court properly determine the amount of unjust enrichment, if any, received by Tenant.

The Florida Supreme Court has stated that "the evidence relied upon to sustain the ultimate finding should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached." *De Groot v. Sheffield*, 95 So. 2d 912, 916 (Fla. 1957). The trial judge acknowledged the lack of evidence regarding damages, refused to hear additional argument on the issue, and told the attorneys they could agree on damages themselves, leave it up to him, or re-open the case. The record does not reflect that the parties either reached an agreement, or that the case was re-opened. The only testimony pertaining to a calculation of the fair market rental value portion of the rent paid by Subtenant came from the landlord's representative, yet the trial court acknowledged on the record that there had been "no testimony . . . directly on point as to the value of this part of the rent . . . ."[2] Given the lack of sufficient evidence regarding the rental value of the property and the value of the marketing services not provided, the decision to award the Subtenant $100,000.00 was not supported by the evidence. *See id.*

For the reasons set forth herein, we reverse and remand this case to the trial court for entry of an order granting Tenant's claim for eviction. Because the trial court also determined that Tenant was liable to

---

[2] Subtenant even admits in its answer brief that, besides the landlord's testimony, "[n]o other testimony concerning this issue was provided."

Subtenant for unjust enrichment, we also remand the case for the purpose of conducting an evidentiary hearing to determine the apportionment of rent monies between the value of the property and the value of the marketing services. We have also considered the other issues raised by the parties on appeal, and find them without merit.

*Reversed and remanded for further proceedings consistent herewith.*

STEVENSON and MAY, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**